UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
IVETTE MARTINEZ and JOSE COTTO,
individually and as parents and natural guardians of
J.C., an infant,                                                                    CIVIL ACTION NO.:

                                                Plaintiffs,          COMPLAINT

             -against-

THE UNITED STATES OF AMERICA,

                                                Defendant.
-------------------------------------------------------------------X

     1.     Plaintiffs IVETTE MARTINEZ and JOSE COTTO, by their attorneys, Gair, Gair,

Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, bring this complaint against

Defendant the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28

U.S.C. §§ 1346(b) and 2671-80.

     2.     Plaintiffs have exhausted their claims by filing the required forms with the Defendant

and having their claims denied. *See* Ex. A (Denial Letters); Ex. B (Administrative Complaints).

## INTRODUCTION

     3.     This is a medical malpractice action that seeks damages for the injuries suffered

by the infant-plaintiff due to defendant's failure to timely diagnose and treat infant-plaintiff's left

testicular torsion.  Defendant's negligence and departure from good and accepted medical

practice resulted in severe and permanent injury to the infant-plaintiff, including the loss of his

left testicle and spermatic cord.  Additionally, the parents and natural guardians of the infant-

plaintiff seek damages for medical expenses and loss of services incurred by infant-plaintiff's

injuries.

4.      Employees of The Walton Family Health Center of The Institute for Family Health have caused plaintiffs tortious injury.  Said health center is covered by the Federal Tort Claims Act (herein "FTCA").  As such, and as mandated by the Act, Plaintiffs bring this action against defendant The United States of America.

## JURISDICTION AND VENUE

5.      This case is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-80.  This Court has jurisdiction over this claim against the United States for money damages pursuant to 28 U.S.C. §§ 1346(b)(1).

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(e) and 1402(b), as this is an action against the United States of America, this is the district in which Plaintiffs reside, no property is involved, and the tortious acts and/or omissions complained of and giving rise to the claim occurred within this judicial district.

## PARTIES

7.      Plaintiff IVETTE MARTINEZ, at all times herein mentioned, was and still is a citizen of the State of New York residing at 1368 Webster Avenue, #2B, Bronx, New York 10456.

8.      Plaintiff JOSE COTTO, at all times herein mentioned, was and still is a citizen of the State of New York residing at 1368 Webster Avenue, #2B, Bronx, New York 10456.

9.      Infant-plaintiff J.C., at all times herein mentioned, was and still is a citizen of the State of New York residing at 1368 Webster Avenue, #2B, Bronx, New York 10456.

10.      Plaintiffs, at all times herein mentioned, were and still are the parents and natural guardians of infant-plaintiff J.C.

11.     The Walton Family Health Center of The Institute for Family Health is a Federal Tort Claims Act ("FTCA")-covered health center. Its employees are deemed to be federal employees and are qualified for protection under the FTCA. Dr. Rupa Natarajan is an employee of The Walton Family Health Center of The Institute for Family Health.

12.     Defendant, THE UNITED STATES OF AMERICA, is a party to this action by virtue of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, *et seq.*

## PROCEDURAL HISTORY

13.     Pursuant to 28 U.S.C. §2675(a), Plaintiffs filed a claim with the United States Department of Health and Human Services (hereinafter "HHS") alleging that the FTCA-covered health center, the Walton Family Health Center of The Institute for Family Health, and its employee, Dr. Rupa Natarajan, failed to timely and properly evaluate infant J.C.'s condition, order diagnostic work-ups, and diagnose his left testicular torsion, resulting in the loss of his left testicle and spermatic cord.

14.     On July 26, 2016, Plaintiffs received correspondence from William A. Biglow, Deputy Associate General Counsel, Claims and Employment Law Branch, HHS. HHS denied Plaintiffs' claim.

15.     Pursuant to 28 C.F.R. §14.9, Plaintiffs requested reconsideration of HHS's final determination. On May 23, 2017, HHS once again denied Plaintiffs' claim.

16.     Plaintiffs have six months from the date of the reconsideration to file a claim in federal court. This action is timely commenced, pursuant to 28 U.S.C. §§ 2401 and 2675(a).

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFFS, IVETTE MARTINEZ AND JOSE COTTO,
## AS PARENTS AND NATURAL GUARDIANS OF J.C., AN INFANT

17.     Plaintiffs repeat and reallege each and every allegation contained in those paragraphs of this Complaint marked and designated "1" through "16" inclusive, with the same force and effect as if herein stated set forth more fully at length.

18.     Defendant UNITED STATES OF AMERICA, at all times hereinafter mentioned, provided medical malpractice protection to health centers, and their employees, that meet annual program requirements of FTCA coverage.

19.     At all times hereinafter mentioned, The Walton Family Health Center of The Institute for Family Health was and still is a domestic not-for-profit corporation organized and existing under by virtue of the laws of the State of New York.

20.     At all times hereinafter mentioned, The Walton Family Health Center of The Institute for Family Health owned a health care center located at 1894 Walton Avenue, Bronx, NY 10453.

21.     At all times hereinafter mentioned, The Walton Family Health Center of The Institute for Family Health operated, conducted, managed, controlled and maintained the aforesaid health care center located at 1894 Walton Avenue, Bronx, NY 10453.

22.     At all times hereinafter mentioned, The Walton Family Health Center of The Institute for Family Health was and is an FTCA-covered health center, located at 1894 Walton Avenue, Bronx, NY 10453.

23.     By virtue of its FTCA-coverage, The Walton Family Health Center of the Institute for Family Health is sued herein as defendant UNITED STATES OF AMERICA.

4

24.     At all times hereinafter mentioned, Dr. Rupa Natarajan was a physician licensed to practice medicine in the State of New York.

25.     At all times hereinafter mentioned, Dr. Rupa Natarajan specialized in the field of family medicine.

26.     At all times hereinafter mentioned, Dr. Rupa Natarajan was associated with The Walton Family Health Center of The Institute for Family Health.

27.      At all times hereinafter mentioned, Dr. Rupa Natarajan was on the staff of The Walton Family Health Center of The Institute for Family Health.

28.     At all times hereinafter mentioned, Dr. Rupa Natarajan was acting as an agent of The Walton Family Health Center of The Institute for Family Health.

29.     At all times hereinafter mentioned, Dr. Rupa Natarajan was an employee of The Walton Family Health Center of The Institute for Family Health.

30.     At all times hereinafter mentioned, Dr. Rupa Natarajan was acting within the course and scope of her employment with The Walton Family Health Center of The Institute for Family Health.

31.     By virtue of her relationship with The Walton Family Health Center of the Institute for Family Health, an FTCA-covered health center, Dr. Rupa Natarajan is a federal employee and is sued herein as defendant UNITED STATES OF AMERICA.

32.     On or about September 25 - September 26, 2013, infant-plaintiff J.C. presented to The Walton Family Health Center of the Institute for Family Health.

33.     On or about September 25 - September 26, 2013, Dr. Rupa Natarajan rendered certain medical and diagnostic services, care, treatment, and advice to the plaintiffs and infant-plaintiff.

5

34.     The aforesaid medical and diagnostic services, care, treatment, and advice rendered by Dr. Rupa Natarajan, sued herein as defendant UNITED STATES OF AMERICA, was negligent and careless.  Defendant, and its agents, servants, and employees, failed to use due, reasonable, and proper skill and care in the treatment of the infant-plaintiff J.C.; failed to follow standard and accepted medical and diagnostic practices and procedures; failed to render or provide proper and adequate medical and diagnostic care and treatment in accordance with standard and accepted medical and diagnostic practices and procedures, inasmuch as the defendant, by its servants, agents, and employees, among other things, failed to use ordinary and reasonable medical and diagnostic care, diligence, and skill and failed to possess the requisite degree of learning, knowledge, and skill; failed to make a timely and proper diagnosis of infant-plaintiff's left testicular torsion in accordance with standard and accepted medical and diagnostic practices; and failed to administer appropriate tests and diagnostic studies to make a timely and proper diagnosis of infant-plaintiff's medical condition.

35.     As a result of the aforesaid, infant-plaintiff J.C. sustained injuries to his limbs and body, including but not limited to the loss of infant-plaintiff's left testis and spermatic cord, a severe shock to his nervous system and certain internal injuries, and severe physical pain and mental anguish.  Some of these injuries are of a permanent and lasting nature.  Further, plaintiffs IVETTE MARTINEZ and JOSE COTTO, as parents and natural guardians of J.D., a minor, have expended, or will become obligated to spend, sums of money for medical expenses.

36.     Pursuant to CPLR §1603, the foregoing cause of action is exempt from the operation of CPLR §1601, by reason of one or more of the exceptions provided in CPLR §1602, including CPLR §1602(7).

37.    The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

38.    By reason of the foregoing, plaintiffs have been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION

39.    Plaintiffs IVETTE MARTINEZ and JOSE COTTO, as parents and natural guardians of J.C., repeat, reiterate, and reallege each and every allegation contained in those paragraphs of this complaint numbered "1" through "38" inclusive, with the same force and effect as if hereinafter set forth more fully at length.

40.    There were certain risks, hazards, and dangers to the infant-plaintiff, J.C., with respect to the aforesaid medical care and treatment, or lack thereof, rendered by the defendant.

41.    Defendant failed to warn and advise the plaintiffs, IVETTE MARTINEZ and JOSE COTTO, as parents and natural guardians of J.C., a minor, of the risks, hazards, and dangers inherent in the aforesaid medical diagnostic care and treatment, or lack thereof.

42.    Defendant failed to warn or advise the plaintiffs, IVETTE MARTINEZ and JOSE COTTO, as parents and natural guardians of J.C., a minor, as to the available alternatives to the aforesaid medical care and treatment, or lack thereof.

43.    Plaintiffs, IVETTE MARTINEZ and JOSE COTTO, as parents and natural guardians of J.C., a minor, had no knowledge of the risks, hazards, and dangers with respect to the aforesaid medical care and treatment, or lack thereof, or the available alternatives to it.

44.    Plaintiffs, IVETTE MARTINEZ and JOSE COTTO, as parents and natural guardians of J.C., a minor, had the right to know of the risks, hazards, and dangers of the aforesaid medical care and treatment, or lack thereof, and the available alternatives to it.

7

45.     Defendant had the duty to inform the plaintiffs, IVETTE MARTINEZ and JOSE COTTO, as parents and natural guardians of J.C., a minor, of the risks, hazards, and dangers of the aforesaid medical care and treatment, or lack thereof, and the available alternatives.

46.     Had the Plaintiffs, IVETTE MARTINEZ and JOSE COTTO, as parents and natural guardians of J.C., a minor, or any responsible person been informed of the aforesaid, they would not have consented to the aforesaid medical care and treatment, or lack thereof.

47.     As a result of the aforesaid, infant-plaintiff J.C. sustained injuries to his limbs and body, including but not limited to the loss of his left testis, a severe shock to his nervous system and certain internal injuries and has been cause to suffer severe physical pain and mental anguish as result thereof.  Some of these injuries are of a permanent and lasting nature; Plaintiffs IVETTE MARTINEZ and JOSE COTTO, as parents and natural guardians of J.C., a minor, have expended or will become obligated to expend sums of money for medical expenses.

48.     Pursuant to CPLR §1603, the foregoing cause of action is exempt from the operation of CPLR §1601, by reason of one or more of the exceptions provided in CPLR §1602, including CPLR §1602(7).

49.     The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction

50.     By reason of the foregoing, plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF
## THE PLAINTIFFS IVETTE MARTINEZ AND JOSE COTTO

51.     The Plaintiffs, IVETTE MARTINEZ and JOSE COTTO, repeat, reiterate, and reallege each and every allegation contained in those paragraphs of this complaint marked and designated "1" through "50", inclusive with the same force and effect as if hereinafter set forth fully at length.

52.     The Plaintiffs IVETTE MARTINEZ and JOSE COTTO, have been deprived of the services and companionship of their son, the infant-plaintiff J.C.

53.     Pursuant to CPLR §1603, the foregoing cause of action is exempt from the operation of CPLR §1601, by reason of one or more of the exceptions provided in CPLR §1602, including CPLR §1602(7).

54.     The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction

55.     By reason of the foregoing, plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiffs demand judgment against the defendant, THE UNITED STATES OF AMERICA on the First Cause of Action in the sum of TEN MILLION ($10,000,000.00) Dollars, in the Second Cause of Action in the sum of ONE MILLION ($1,000,000.00) Dollars, and in the Third Cause of Action in the sum of ONE MILLION ($1,000,000) Dollars together with interest and the costs and disbursements of this action.

Dated: New York, New York
        November 1, 2017

                    Yours, etc.,

                    GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
                    HERSHENHORN, STEIGMAN & MACKAUF
                    Attorneys for Plaintiffs


                    _____
                    JEFFREY B. BLOOM (JB3700)
                    80 Pine Street, 34th Floor
                    New York, New York 10005
                    (212) 943-1090

ATTORNEY'S VERIFICATION

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK  )

JEFFREY B. BLOOM, an attorney at law licensed to practice in the courts of the State of New York, states that affirmant is associated with the firm of Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, attorneys for the plaintiffs in the within action; that affirmant has read the foregoing

VERIFIED COMPLAINT

and knows the contents thereof; and that the same is true to affirmant's own knowledge except as to those matters therein stated to be alleged on information and belief and that as to those matters, affirmant believes them to be true.

Affirmant further states that the reason this verification is made by affirmant and not by the plaintiffs is that the plaintiffs are not within the County wherein affirmant maintains his office.

The grounds of affirmant's belief are investigation and data in affirmant's possession and consultations had with the plaintiffs.

The undersigned affirms that the foregoing statements are true under penalty of perjury.

Dated: New York, New York
       November 1, 2017

_____
JEFFREY B. BLOOM (JB3700)